**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

TRACY YVONNE COOPER, as Administrator of
The Estate of TERRY L. COOPER, JR.

                                                                    9:19-cv-362
                                                                    (AMN/ML)

                                        Plaintiff,

v.

PATRICK M. CLANCY, STEVEN W. WOOD,
KOLBY M. DUFFINA,

                                        Defendants.

_____

APPEARANCES:                                     OF COUNSEL:

**BELDOCK, LEVINE & HOFFMAN**          **JONATHAN C. MOORE, ESQ.**
99 Park Avenue, 26th Floor                       **DAVID B. RANKIN, ESQ.**
New York, New York 10016                         **REGINA POWERS, ESQ.**
Attorneys for Plaintiff

**HAMILTON CLARKE, LLP**                  **JOSHUA S. MOSKOVITZ, ESQ.**
48 Wall Street – Suite 1100                      **ADAM I. STRYCHALUK, ESQ.**
New York, New York 10005
Attorneys for Plaintiff

**ATTORNEY GENERAL FOR THE**
**STATE OF NEW YORK**                       **JORGE A. RODRIGUEZ, ESQ.**
The Capitol                                      **AMANDA K. KURYLUK, ESQ.**
Albany, NY 12224-0341                            **NICHOLAS W. DORANDO, ESQ.**
Attorneys for Defendants                         Assistant Attorneys General

**Hon. Anne M. Nardacci, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

## I.     INTRODUCTION

On March 22, 2019, Plaintiff Tracy Yvonne Cooper ("Plaintiff"), as Administrator of the

Estate of Terry L. Cooper, Jr. ("Mr. Cooper"), commenced this action against defendants

Correction Officer Patrick M. Clancy ("Clancy"), Correction Officer Steven W. Wood ("Wood"),

and Correction Officer Kolby M. Duffina (collectively the "Defendants"), alleging Eighth Amendment excessive force and failure to intervene claims pursuant to 42 U.S.C. § 1983 and a civil rights conspiracy claim under 42 U.S.C. § 1985.[1]  *See* Dkt. Nos. 1, 52.

Trial is scheduled to commence on November 6, 2023.  Dkt. No. 153.  Currently before the Court are Plaintiff's motions *in limine*, Dkt. No. 179, Plaintiff's motion to exclude trial witnesses, Dkt. No. 182, Defendants' motions *in limine*, Dkt. No. 169, Defendants' response to Plaintiff's motions *in limine*, Dkt. No. 185, Plaintiff's response to Defendants' motions *in limine*, Dkt. No. 184, and Defendants' response to Plaintiff's motion to exclude trial witnesses, Dkt. No. 190.

For the reasons set forth below, Plaintiff's motion to exclude trial witnesses, Dkt. No. 182, is denied, Plaintiff's motions *in limine,* Dkt. No. 179, are granted in part, denied in part, and reserved in part, and Defendants' motions *in limine,* Dkt. No. 169, are granted in part, denied in part, and reserved in part.

## II.    STANDARD OF REVIEW

The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence.  *See Luce v. United States*, 469 U.S. 38, 40 n.2 (1984); *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996); *Nat'l Union Fire Ins. Co. of Pittsburgh v. L.E. Myers Co.*, 937 F. Supp. 276, 283 (S.D.N.Y. 1996).  "Evidence should be excluded on a motion *in limine* only when the evidence is clearly inadmissible on all potential grounds."  *United States v. Paredes*, 176 F. Supp. 2d 179, 181 (S.D.N.Y. 2001) (citation omitted). "[C]ourts considering a motion *in limine* may reserve decision until trial, so that the motion is

---

[1] Plaintiff voluntarily dismissed Defendants Christopher L. Gadway, Neil J. Napper, Christopher J. Nichols, Merit J. Peck, Jeffrey H. Taylor, Michael C. Thompkins from this action on November 3, 2023.  Dkt. No. 196.

placed in the appropriate factual context." *Jean-Laurent v. Hennessy*, 840 F. Supp. 2d 529, 536 (E.D.N.Y. 2011) (citing *Nat'l Union Fire Ins. Co.*, 937 F. Supp. at 287). Further, a district court's ruling on a motion *in limine* is preliminary and "subject to change when the case unfolds." *Luce*, 469 U.S. at 41. The moving party bears the burden of establishing that evidence is inadmissible for any purpose and so properly excluded on a motion *in limine*. *See United States v. Pugh*, 162 F. Supp. 3d 97, 101 (E.D.N.Y. 2016).

## III. DISCUSSION

### A. Plaintiff's Motion to Exclude Trial Witnesses

Plaintiff seeks to exclude the following witnesses from testifying at trial pursuant to Rule 37(c)(1) of the Federal Rules of Civil Procedure: Michael Sikirica, M.D. ("Dr. Sikirica"), the pathologist who performed the autopsy of Mr. Cooper; Michael Lonergan ("Lonergan"), author of the New York State Department of Corrections and Community Supervision ("DOCCS") Office of Special Investigations ("OSI") Report concerning the death of Mr. Cooper; and Rebecca Finn ("Finn"), the author of the New York State Police ("NYSP") Investigation Report concerning the death of Mr. Cooper, on the grounds that Defendants did not previously disclose such witnesses in their disclosures pursuant to Rule 26 of Federal Rules of Civil Procedure.[2] Dkt. No. 182-1.[3]

Defendants principally argue that they "did not fail to disclose the existence of any relevant witness in this action."[4] Dkt. No. 190-10 at 3. In the alternative, Defendants argue that, to the

---

[2] Plaintiff initially sought to exclude the testimony of Roger Pitman ("Pitman") and Bruce Shutts ("Schutts"), as well, on the same grounds, but during the October 31, 2023 Pretrial Conference ("October 31 Pretrial Conference"), the parties indicated that they intended to reach an agreement as to Pitman and Schutts. Therefore, the Court denies Plaintiff's motion to exclude as to Pitman and Schutts as moot.

[3] Citations to Court documents utilize the pagination generated by CM/ECF docketing system and not the documents' internal pagination.

[4] Defendants' argument that they disclosed the witnesses by means of the catchall phrase "[all] individuals identified in the pleadings and discovery responses by the parties in this litigation. . ."

extent the Court finds that Defendants failed to disclose the existence of any relevant witnesses, such failure is harmless because Plaintiff listed Dr. Sikirica, Lonergan and Finn in her own Rule 26 disclosures.  Dkt. No. 190-10 at 3.

> Rule 26(a) requires that parties to a litigation make initial disclosures, including:
>
> (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment, [and] (ii) a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment . . .

Fed. R. Civ. P. 26(a)(1)(A).  Parties must supplement their Rule 26(a) disclosures when they learn that the information provided in their initial disclosures is incomplete.  Fed. R. Civ. P. 26(e)(1)(A). "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1). "The purpose of the rule is to prevent the practice of 'sandbagging' an opposing party with new evidence."  *Ebewo v. Martinez*, 309 F. Supp. 2d 600, 607 (S.D.N.Y. 2004) (citations omitted).

"The Court has the ultimate discretion on whether to preclude witnesses from testifying at trial [under] Rule 37(c)(1)."  *Leong v. 127 Glen Head Inc.*, No. CV 13-5528 (ADS) (AKT), 2016 WL 845325, at *6 (E.D.N.Y. Mar. 2, 2016) (internal quotation marks and citations omitted).  When

---

is unavailing.  Dkt. No. 190-10 at 3.  Courts have rejected this exact argument.  *See, e.g., Peterson v. Pan Am Railways, Inc.*, No. 12 Civ. 1857 (LEK), 2015 WL 2451227, at *4 (N.D.N.Y. May 21, 2015) (concluding that it was "unreasonable" for the defendants to believe that the plaintiff had sufficient notice of defendants' intent to call certain witnesses at trial merely because the defendants' disclosures provided that they may seek to call at trial "[a]ny individual whose name appears on any documents marked as deposition exhibits or otherwise disclosed by either party during the course of the litigation.").

considering whether to preclude evidence or witness testimony, district courts in this Circuit are instructed to assess several factors, including "the party's explanation for the failure to disclose," "the importance of the evidence to be precluded," "the prejudice suffered by the opposing party if the evidence were not precluded," and "the possibility of a continuance." *Widman v. Stegman*, No. 3:13-CV-00193 (BKS/DEP), 2015 WL 13832105, at \*4 (N.D.N.Y. Apr. 28, 2015) (citing *Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006); *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 296 (2d Cir. 2006)). Preclusion of evidence for failure to comply with initial disclosure requirements is a "drastic remedy and should be exercised with discretion and caution." *NIC Holding Corp. v. Lukoil Pan Americas, LLC*, No. 05 CIV 9372 (LAK) (FM), 2007 WL 1467424, at \*5 (S.D.N.Y. May 16, 2007) (quoting *Martinez v. Port Auth. of N.Y. & N.J.*, No. 01 Civ. 721 (PKC), 2005 WL 2143333, at \*14 (S.D.N.Y. Sept. 2, 2005)). "[A] failure to disclose witness information is 'harmless' if the other party was well aware of the identity of the undisclosed witness and the scope of their knowledge well before trial." *Fleet Capital Corp. v. Yamaha Motor Corp., U.S.A.*, No. 01 CIV. 1047 (AJP), 2002 WL 31108380, at \*2 (S.D.N.Y. Sept. 23, 2002).

Here, Defendants failed to disclose Dr. Sikirica,[5] Lonergan and Finn in their mandatory Rule 26 disclosures. However, Plaintiff in her own Rule 26 disclosure dated August 3, 2021, listed each of these individuals as potential witnesses. Dkt. No. 190-3 at ¶¶ 28, 78, 79. The purpose of Rule 26(a)(1)(A) is to "alert an opposing party of the need to take discovery of the named witness." *Badolato v. Long Island R.R. Co.*, CV 14-1528 (AKT), 2016 WL 6236311, at \*4 (E.D.N.Y. Oct. 25, 2016) (citation omitted). Plaintiff was clearly aware that Dr. Sikirica, Lonergan and Finn

---

[5] The Court notes that Defendants failed to comply with the requirements of Rule 26(a)(2) regarding Dr. Sikirica, as he will be offering expert testimony. However, after considering the relevant factors, the Court similarly finds that Defendants' failure is harmless. Plaintiff has been aware of Dr. Sikirica's opinions since at least 2021, which are noted in the autopsy report. Plaintiff could have deposed Dr. Sikirica in advance of trial but chose not to do so.

possessed relevant knowledge of the use of force incident at issue in the case.  As such, Plaintiff could have deposed these individuals at an appropriate time prior to trial but chose not to.

Having considered the factors relevant to this inquiry, the Court finds that Defendants' failure to include such individuals in their Rule 26 disclosure was harmless because Plaintiff was aware of the identity and the scope of knowledge of Dr. Sikirica, Lonergan and Finn before trial. *See Harris v. Donohue*, No. 1:15-CV-01274 (DNH/CFH), 2017 WL 3638452, at *2 (N.D.N.Y. Aug. 23, 2017) (denying motion to preclude testimony at trial where plaintiff had disclosed the names of the individuals at issue in her own Rule 26 disclosure).  Therefore, Plaintiff's motion to preclude the testimony of Dr. Sikirica, Lonergan and Finn is denied.

### B.      Plaintiff's Motions *in Limine*

#### 1.      Evidence or Information that was Not Known to the Officers at the Time They Used Force on Mr. Cooper

Plaintiff seeks to preclude Defendants from offering evidence or information that was not known to Defendants at the time they used force on Mr. Cooper.  Dkt. No. 179 at 8.  Plaintiff argues that "Plaintiff's constitutional claim for unlawful use of force . . . only depends on . . . what the officers knew at the time they acted," *id.*, and that the "'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 of vision hindsight.," *id.* (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)). Defendants argue that because Plaintiff has not provided factual context to her motion, the Court does not have the necessary information before it to decide whether evidence or information that was not known to the officers at the time of the use of force is "clearly inadmissible on all potential grounds." Dkt. No. 184 at 3-4.  The Court agrees.

Accordingly, the Court reserves on this motion.

### 2.   Mr. Cooper's Alleged Affiliation with a Gang

Plaintiff seeks to preclude Defendants from introducing any evidence or testimony indicating that Mr. Cooper was allegedly affiliated with a gang.  Dkt. No. 179 at 8.  Plaintiff argues that any evidence or testimony regarding Mr. Cooper's alleged gang affiliation is "hearsay evidence" that has "no probative value" and "its only purpose would be prejudice Plaintiff's case." *Id.*

Defendants contend that they intend to present testimony at trial demonstrating that during a frisk of Mr. Cooper's personal effects, Clancy discovered an altered calendar containing a "315" marking and photographs of a partially nude woman.  Dkt. No. 184 at 4-5.  Defendants posit that Clancy will testify that he suspected the "315" marking to be gang related.  *Id.*  Moreover, Defendants contend that the purpose of introducing this evidence is to show Clancy's state of mind at the time he decided to escort Cooper back to his cell and issue a misbehavior report, and not to prove Mr. Cooper's character.  *Id.*

Generally, courts preclude the introduction of evidence concerning gang affiliation unless it has relevance to a central issue in the case and its relevancy is not outweighed by the danger of unfair prejudice.  *Granados-Coreas v. Nassau Cnty*, No. CV-18-6092 (AYS), 2022 WL 16575725, at *6 (E.D.N.Y. Nov. 1, 2022) (denying motion to admit evidence of gang affiliation because it had no relevance to whether plaintiff was subjected to excessive force); *United States v. Elias*, No. 18-CR-33 (S-2)(NGG), 2022 WL 715486, at *2-3 (E.D.N.Y. Mar. 10, 2022) (excluding evidence of defendant's gang affiliation because it was not necessary to prove an element of the charged crimes and the danger of unfair prejudice outweighed its little probative value to explain motive when stronger evidence was available to prove motive); *United States v. Scott*, No. 3:14-CR-81 (JAM), 2015 WL 1525580, at *3 (D. Conn. Apr. 2, 2015) (admitting evidence of defendant's gang

affiliation because it was relevant to show the existence of a relationship between the defendant and other members of the drug trafficking conspiracy and the risk of unfair prejudice could be cured with a limiting instruction).

As an initial matter, Clancy's suspicion that the "315" marking on the altered calendar is representative of gang affiliation has little, if any, relevance to the claims and defenses in this case, and any reference to such would be unduly prejudicial to Plaintiff. Because the Court finds that any references to gang affiliation here would be unduly prejudicial, the Court precludes any reference to such, and specifically precludes Clancy, or any other witness, from testifying about the "315" marking on the altered calendar, including that "315" is representative of gang affiliation.

Accordingly, Plaintiff's motion to preclude references to Mr. Cooper's alleged gang affiliation is granted.

### 3. Mr. Cooper's Criminal Conviction

Plaintiff seeks to preclude Defendants from introducing evidence of Mr. Cooper's November 2, 2011 conviction for Robbery in the First Degree and Assault in the Second Degree. Dkt. No. 179 at 10-11. Plaintiff argues that there is no evidence that Defendants knew this information at the time they used force on Mr. Cooper. *Id.* Moreover, Plaintiff argues that the only reason Defendants would have for offering this information would be to suggest that Mr. Cooper had a propensity for violence, which violates Federal Rules of Evidence 404(b) and 403. *Id.* Defendants contend that they will only seek to introduce evidence of Mr. Cooper's criminal conviction if Plaintiff opens the door. *Id.* at 5.

In general, "prior convictions should not be admitted unless the court has carefully conducted the Rule 403 balancing test." *United States. v. McCallum*, 584 F.3d 471, 476 (2d Cir.

2009).  "In balancing probative value against prejudicial effect under this rule, courts examine the following factors: (1) the impeachment value of the prior crime, (2) the remoteness of the prior conviction, (3) the similarity between the past crime and the conduct at issue, and (4) the importance of the credibility of the witness." *Daniels v. Loizzo*, 986 F. Supp. 245, 250 (S.D.N.Y. 1997) (citations omitted).  Federal Rule of Evidence Rule 609 presumes that "all felonies are at least somewhat probative of a witness's propensity to testify truthfully." *United States v. Estrada*, 430 F.3d 606, 617 (2d Cir. 2005) (citation omitted).  Thus, "Rule 609(a)(1) crimes, which do not bear directly on honesty such as to be automatically admissible under Rule 609(a)(2), may nonetheless be highly probative of credibility." *Id.* (citation omitted).

Courts have held that theft and escape crimes rank higher than crimes of violence on the scale of probative worth as to credibility. *Id.* at 618.  Thus, "inquiry into the 'essential facts' of the conviction, including the nature or statutory name of each offense, its date, and the sentence imposed is presumptively required by the Rule, subject to balancing under Rule 403." *Id.* at 616 (citations omitted).  "Unless the risk of unfair prejudice, confusion, or delay substantially outweighs the probative value of a felony conviction, it is the jury's function to assess the probative value of a witness's specific conviction or convictions as part of its overall evaluation of the witness's credibility." *Id.* at 617.

Here, in performing the balancing test set forth in Rule 403, the Court finds that evidence of Mr. Cooper's November 2, 2011 conviction for Robbery in the First Degree and Assault in the Second Degree would unduly prejudice Plaintiff's case and has little probative worth as to Mr. Cooper's credibility, since he is deceased and will not testify at trial.

Accordingly, Plaintiff's motion to exclude Mr. Cooper's criminal conviction is granted. However, to the extent that Plaintiff opens the door, Defendants are permitted to inquire into the

essential facts of the conviction, including the nature or statutory name of each offense, its date, and the sentence imposed.

### 4.   Mr. Cooper's Prison Disciplinary Record

Plaintiff seeks to preclude Defendants from introducing evidence or testimony of Mr. Cooper's prison disciplinary record.  Dkt. No. 179 at 11-12.  Plaintiff argues that since there is no evidence that Defendants were aware of this information at the time force was used, the only reason Defendants would have for offering this information would be to suggest that Mr. Cooper had a propensity for violence, which violates Federal Rule of Evidence 404(b).  *Id.*  Defendants make the same argument with respect to this motion that they do with respect to Plaintiff's motion to exclude Mr. Cooper's criminal conviction.  Dkt. No. 184 at 5-6.

Rule 404(b) of the Federal Rules of Evidence provides that "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."  Thus, "Federal Rule of Evidence 404(b) prohibits the introduction of character evidence to show that an individual has a certain predisposition, and acted consistently with such predisposition during the event in question." *Lombardo v. Stone*, No. 99 CIV. 4603 (SAS), 2002 WL 113913, at *3 (S.D.N.Y. Jan. 29, 2002). "In particular, disciplinary records of a state ward plaintiff, *e.g.*, a prison inmate or psychiatric patient, are almost always inadmissible."  *Id.*  However, "[t]his evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."  Fed. R. Evid. 404(b).  Moreover, a court may, on cross examination, allow "specific instances of a witness's conduct . . . to be inquired into if they are probative of the [witness's] character for truthfulness or untruthfulness."  Fed. R. Evid. 608(b).

Here, it is not clear to the Court which disciplinary incidents Defendants would like to inquire about or Defendants' purpose for doing so. Accordingly, the Court will reserve decision on this issue until Defendants make an offer of proof specifically identifying what disciplinary incidents they wish to inquire into under Rule 608(b) and precisely how those incidents are probative of truthfulness. The Court preliminarily notes that incidents involving violent conduct or assaultive behavior are not probative of a person's character for truthfulness. *See Estrada*, 430 F.3d at 617-18.

### 5.  Non-party Witness' Criminal Conviction(s) and Prison Disciplinary Histories[6]

Plaintiff seeks to preclude Defendants from introducing evidence of the nature of the criminal convictions of non-party witnesses: Gabriel Perez ("Mr. Perez"), Luis Quiles ("Mr. Quiles"), and/or Garry Semljatschenko ("Mr. Semljatschenko"), who have knowledge of the use of force incident. Dkt. No. 179 at 12-14. Plaintiff argues that the introduction of the convictions of the non-party witnesses is prejudicial and lacks probative value. *Id.* Mr. Perez was incarcerated for Murder in the Second Degree and Criminal Possession of a Weapon in the Second Degree in 2014; Mr. Quiles was incarcerated for Murder in the Second Degree in 1983; and Mr. Semljatschenko was incarcerated for Burglary in the First Degree in 2009. *Id.* at 13, 14.

Defendants seek to introduce the criminal convictions and disciplinary histories of these non-party witnesses. Dkt. No. 169 at 5-8. Specifically, Defendants request that they be permitted to inquire into the essential facts of each conviction, namely, the statutory name of each offense, the date, and the sentence imposed. *Id.* at 8. As to the disciplinary histories, Defendants allege

---

[6] Defendants filed a motion seeking to admit the criminal convictions and disciplinary records of certain non-party witnesses and Plaintiffs filed a motion seeking to preclude the introduction of the criminal convictions of the same non-party witnesses. Because there is significant overlap, the Court will address these motions in tandem.

that Mr. Perez and Mr. Semljatschenko have disciplinary histories that involve incidents probative of character for truthfulness or untruthfulness.  *Id.* at 9-10.  Mr. Perez was found guilty of Contraband, False Information, and Smuggling.  *Id.* at 9.  Mr. Semljatschenko was found guilty of False Information, stemming from his attempts to conceal an illness from security officials while in custody.  *Id.*

Federal Rule of Evidence 609(a)(1) provides that, for the purpose of attacking the credibility of a witness, evidence that the witness has been convicted of a crime "punishable by death or by imprisonment for more than one year . . . must be admitted, subject to Rule 403, in a civil case."  In other words, a district court must admit the "name of a conviction, its date, and the sentence imposed unless the district court determines that the probative value of that evidence 'is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.'"  *Estrada*, 430 F.3d at 620-21 (quoting Fed. R. Evid. 403).  "However, where over ten years have passed since the witness's past felony conviction or release from confinement for it, whichever is later, Rule 609(b) provides that the conviction is admissible only if its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and . . . the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use."  *Starmel v. Tompkin*, 634 F. Supp. 3d 41, 44-45 (N.D.N.Y. 2022) (internal quotation marks and citation omitted).

In balancing probative value against prejudicial effect under Rule 609, courts examine: "(1) the impeachment value of the prior crime, (2) the remoteness of the prior conviction, (3) the similarity between the past crime and the conduct at issue, and (4) the importance of the credibility of the witness."  *Daniels v. Loizzo*, 986 F. Supp. 245, 250 (S.D.N.Y. 1997) (citations omitted).

"Although all of these factors are relevant, 'prime among them is the first factor, *i.e.*, whether the crime, by its nature, is probative of a lack of veracity.'" *United States v. Brown*, 606 F. Supp. 2d 306, 312 (E.D.N.Y. 2009) (quoting *United States v. Ortiz*, 553 F.2d 782, 784 (2d Cir. 1977)) (alterations omitted).   The district court has "wide discretion to impose limitations on the cross-examination of witnesses," *United States v. Flaharty*, 295 F.3d 182, 191 (2d Cir. 2002), which includes the discretion to "exclude the nature or statutory name of the offense, . . . [or] the length of the sentence when its probative value is outweighed by its prejudicial effect," *Brown*, 606 F. Supp. 2d at 312.   "Rule 609(a)(1) presumes that all felonies are at least somewhat probative of a witness's propensity to testify truthfully," although "all Rule 609(a)(1) felonies are not equally probative of credibility." *Estrada*, 430 F.3d at 617.

As to the criminal conviction, having considered and weighed the relevant factors, the Court will permit the introduction of evidence of the date of the conviction and sentence imposed for Mr. Perez and Mr. Quiles, but not the name or the nature of their convictions. *See Thousand v. Corrigan*, No. 9:15-CV-01025, 2017 WL 4480185, at *4, 6-7 (N.D.N.Y. Oct. 6, 2017) (permitting the introduction of non-party witness's convictions of Robbery in the First Degree and Grand Larceny in the Fourth Degree, as well as the dates of the conviction and sentences imposed, but not the name and nature of non-party witness's Manslaughter and Murder in the Second Degree convictions, concluding that unfair prejudice outweighed the probative value with respect to those convictions).   As for Mr. Semljatschenko, Defendants are permitted to inquire into the essential facts of his conviction, including the nature or statutory name of each offense, the date of the conviction, and the sentence imposed. *Id.*

As to the disciplinary histories, the Court will permit Defendants to introduce Mr. Perez's and Mr. Semljatschenko's convictions for False Information, as they are probative of truthfulness.

As for Mr. Quiles' disciplinary history, Defendants did not identify which disciplinary incident they seek to introduce. As such, the Court reserves decision on this issue until Defendants make an offer of proof specifically identifying what disciplinary incidents they wish to inquire into and how those incidents are probative of truthfulness.

Accordingly, Plaintiff's motion to preclude the criminal convictions of the non-party witnesses is granted in part and denied in part. Defendants' motion to introduce evidence of the criminal convictions and disciplinary history of the non-party witnesses is granted in part, denied in part, and reserved in part.

### 6.    Opinions of the Pathologist Who Performed the Autopsy

Although not clear, Plaintiff seeks to preclude the autopsy report, or in the alternative, if it is introduced, for the Court to exclude the opinions of Dr. Sikirica; namely, his opinions concerning the manner of Mr. Cooper's death (*i.e.*, that he died of natural causes). Dkt. No. 179 at 15.

Generally, factual observations within autopsy reports are admissible under the business records hearsay exception, *United States v. Feliz*, 467 F.3d 227, 236-37 (2d Cir. 2006), and under the public records hearsay exception. *Id.* at 237; *United States v. Rosa*, 11 F.3d 315, 333 (2d Cir. 1993). However, to the extent that an autopsy report contains opinions or factual conclusions, those portions of the report should be excluded if the examining physician is unavailable to testify at trial. *Rosa*, 11 F.3d at 331-33; *Manning v. Strack*, No. CV-99-9874 (RR), 2002 WL 31780175, at *6 (E.D.N.Y. Oct. 11, 2002).

To the extent Plaintiff seeks to preclude the autopsy report, such motion is denied. In addition, because the Court will permit Dr. Sikirica to testify at trial, the remaining portion of Plaintiff's motion is denied as moot.

### 7. Expert Testimony Regarding the Opinions of the Pathologist Who Performed the Autopsy

Plaintiff seeks to preclude Defendants' expert from testifying about the opinions expressed by Dr. Sikirica in his autopsy report. Dkt. No. 179 at 15. Plaintiff notes that Dr. Salzman's expert report contains references to Dr. Sikirica's opinions in the autopsy report. *Id.* Plaintiff argues that Defendants' expert should not be permitted to testify to hearsay, in violation of Federal Rule of Evidence 805. *Id.*

Because the Court will permit Dr. Sikirica to testify at trial and in addition will permit the introduction of the autopsy report, Plaintiff's motion is denied as moot.

### 8. Awards or Commendations

Plaintiff seeks to preclude Defendants from introducing evidence of awards or commendations received by Defendants and other non-party witnesses. Dkt. No. 179 at 16. Plaintiff argues that such testimony is irrelevant, represents impermissible propensity evidence in violation of Federal Rule of Evidence 404(b), and is inadmissible hearsay and otherwise unduly prejudicial. *Id.* at 16-17. Defendants principally argue that Defendants and non-party witnesses should not be required to completely bury positive career histories or accomplishments; and should be granted an opportunity to identify awards or commendations received as part of their general introductory testimony. Dkt. No. 184 at 8-10.

The Second Circuit has stated that it is "well established . . . that absent an attack on the veracity of a witness, no evidence to bolster his credibility is admissible." *United States v. Arroyo-Angulo*, 580 F.2d 1137, 1146 (2d Cir. 1978). "Character evidence encompasses evidence of a defendant's prior commendations and awards . . . because the only purpose for offering such information would be to portray a defendant in a positive light by demonstrating recognition of certain character traits or actions that demonstrate such character traits." *United States v. Brown*,

503 F. Supp. 2d 239, 242 (D.D.C. 2007).  Thus, "as a general matter, character evidence in civil cases is inadmissible unless it falls within one of the stated exceptions [of Rule 404(a)]." *S.E.C. v. Drescher*, No. 99-CV-1418, 2001 WL 1602978, at *2 (S.D.N.Y. Dec. 13, 2001).

Therefore, the Court will not permit Defendants or other non-party witnesses to introduce evidence of any awards or commendation they may have received.  Accordingly, Plaintiff's motion is granted.

### 9.    Special Interrogatories

Plaintiff requests that Defendants, to the extent they intend to file special interrogatories to the jury relating to Defendants' Qualified Immunity defense, that such be proposed by Defendants "in advance of trial and discussed before evidence is taken."  Dkt. No. 179 at 17.

Because Defendants filed special interrogatories with the Court on October 11, 2023, Dkt. No. 168, Plaintiff's motion is denied as moot.

### 10.    Hostile Witnesses

At trial, Plaintiff intends to call current and former New York State employees as witnesses in her case-in-chief.  Dkt. No. 179 at 18.  Plaintiff seeks permission to examine these witnesses through leading questions because they are each "a hostile witness . . . or a witness identified with an adverse party."  Dkt. No. 179 at 18.  Plaintiff argues that because it is reasonable to expect that current or former New York State employees will side with their fellow officers, Plaintiff should be permitted to treat such witnesses as hostile in accordance with Federal Rule of Evidence 611(c). *Id.* at 19.  Defendants argue that Plaintiff has not provided a factual basis to support her belief that non-party state employee witnesses would be hostile or adverse (other than that the witnesses are state employees), and a ruling on this issue would, thus, be premature.  Dkt. No. 184 at 10-11.  The Court agrees.

Because the Court does not have sufficient information at this juncture to find that these witnesses are  hostile witnesses, the Court reserves ruling on this motion until such witnesses exhibit "hostility, bias, or recalcitrance during [their] testimony." *S.E.C. v. World Info. Tech., Inc.*, 250 F.R.D. 149, 151 (S.D.N.Y. 2008), *aff'd in part sub nom. S.E.C. v. Sirianni*, 334 F. App'x 386 (2d Cir. 2009) (reserving on the motion *in limine* until witness exhibits hostile behavior during testimony).

### C.    **Defendants' Motions *in Limine***

#### 1.    **Intra-Corporate Conspiracy Doctrine**

Defendants contend that Plaintiff's civil conspiracy claim pursuant to 42 U.S.C § 1985 should be dismissed due to the intra-corporate conspiracy doctrine.  Dkt. No. 169 at 4-5. Defendants argue that while it is undisputed that Defendants were employed by DOCCS during the time period relevant to this action, Plaintiff cannot demonstrate that the alleged conspirators were pursuing personal interests wholly separate and apart from their employment responsibilities. *Id.*  In response, Plaintiff argues that Defendants' motion should be denied because of the "personal stake exception." Dkt. No. 185 at 7-8.  Specifically, Plaintiff argues that there is no question that Defendants were acting within the scope of their employment when they used force on Mr. Cooper. *Id.* at 7.  But Plaintiff's conspiracy claims are not founded on Defendants' use of force, rather, Plaintiff's conspiracy claims are founded on what she asserts to be Defendants' race-based conspiracy to cover up the illegality of the Defendants' use of force—by falsifying records and testifying falsely to investigators, among other things.  *Id.* at 7-8.

"The intra-corporate conspiracy doctrine posits that the officers, agents, and employees of a single corporate or municipal entity, each acting within the scope of his or her employment, are legally incapable of conspiring with each other." *Rodriguez v. City of New York*, No. 05-CV-

5117(JFB)(SMG), 644 F. Supp. 2d 168, 2008 WL 420015, at \*25 (E.D.N.Y. Feb. 11, 2005) (citation omitted); *see Peck v. Cnty. of Onondaga, New York,* No. 5:21-CV-651, 2021 WL 3710546, at \*15 (N.D.N.Y. Aug. 20, 2021) ("Courts in the Second Circuit recognize the 'intracorporate conspiracy doctrine,' which holds that the 'officers, agents, and employees of a single corporate entity are legally incapable of conspiring together.'") (quoting *Hartline v. Gallo,* 546 F.3d 95, 99 n.3 (2d Cir. 2008) (internal citations and quotation marks omitted)).

The "personal stake" exception to the intra-corporate conspiracy doctrine allows for a corporate employee to nevertheless conspire with his or her coworkers if he or she is "motivated by an improper personal interest separate and apart from that of their principal." *Peck,* 2021 WL 3710546, at \*15. "A personal stake typically contemplates that the defendant 'exercises official duties in unconstitutional ways to secure personal benefit.'" *Johnston v. City of Syracuse,* No. 5:20-CV-1497, 2021 WL 3930703, at \*9 (quoting *Peck,* 2021 WL 3710546, at \*15) (citations omitted). For the exception to apply, "[s]imply joining corporate officers as defendants in their individual capacities is not enough to make them persons separate from the corporation in legal contemplation." *Girard v. 94th and Fifth Avenue Corp.,* 530 F.2d 66, 72 (2d Cir. 1976) (internal quotation marks and citation omitted). Rather, "[t]he plaintiff must also allege that they acted other than in the normal course of their corporate duties." *Id.* (internal quotation marks and citation omitted). "Some examples of a personal stake include infringing a plaintiff's rights to cover up a prior use of excessive force, engaging in race-based false arrests to boost arrest numbers in pursuit of a promotion, or acting out of pure malice." *Johnston,* 2021 WL 3930703, at \*9 (citing *Ali v. Connick,* 136 F. Supp. 3d 270, 282-83 (E.D.N.Y. 2015)).

The Court finds that Defendants' argument is without merit. This Court (Sharpe, J.), in its Memorandum-Decision and Order dated March 24, 2023, ruled that there was a question of

material fact as to Plaintiff's civil conspiracy claim pursuant to 42 U.S.C § 1985.  Dkt. No. 141 at

21-22.  Specifically, the Court noted that Plaintiff alleged that (i) Defendants misrepresented the

extent of the force used against Mr. Cooper, (ii) Defendants "fabricated reports to cover up their

actions," and (iii) Wood was seen poking Mr. Cooper with a baton and cursing at him before the

use of force incident, and has been described as a "racist" who "mistreat[s] black people."  *Id.* at

20 (citing Dkt. No. 132 at 23-25).  This proffered evidence fits the personal stake exception.

Accordingly, Defendants' motion is denied.

### 2.    Autopsy Photographs

Defendants seeks to exclude certain autopsy photographs for lack of relevance, unfair

prejudice, cumulativeness, and potential for confusion.  Dkt. No. 169 at 10-12.  Defendants do not

seek to exclude the following photographs: DSC-0089, DSC-0090, DSC-0091, DSC-0107, DSC-

0108, DSC-0117, DSC-0118, DSC-0119.  *Id.* at 11.  Defendants acknowledge that these

photographs depict injuries that relate to issues in dispute.  *Id.*  However, with respect to

photographs DSC-0117, DSC-0118 and DSC-0119, given the images depicted therein, Defendants

request that the images be shown to the jury in black and white, and be cropped to display only the

portions of the images relevant to the expert testimony, namely, the alleged evidence of blunt

head/scalp contusions to the right and left temporal-occipital scalp.  *Id.*  Plaintiff opposes

Defendants' motion and argues that the autopsy photographs[7] are relevant because the central issue

in the case is whether Mr. Cooper was beaten to death.  Dkt. No. 185 at 12-13.  Moreover, Plaintiff

---

[7] The Court notes that there are 91 autopsy photographs.  Dkt. No. 169 at 11.  During the October
31 Pretrial Conference, Plaintiff indicated that she does not intend to introduce all 91 autopsy
photographs, rather, she only intends to introduce photographs relevant to the central issue in this
case (*i.e.*, whether Mr. Cooper was beaten to death).  Moreover, the parties indicated that they
would endeavor to reach an agreement as to which of the 91 autopsy photographs are relevant to
the central issue.

opposes the manipulation of the photographs, arguing that such manipulation would prejudice Plaintiff by obscuring the depth of Mr. Cooper's wounds.  *Id.*

In analyzing whether a party may introduce pictures from an autopsy, courts typically consider Federal Rules of Evidence 401 and 403.  *See Estate of Mauricio Jacquez v. Flores*, 10 Civ. 2881 (KBF), 2016 WL 1084145, at *6 (S.D.N.Y. Mar. 17, 2016).  Rule 401 requires evidence to be relevant and states that "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."  Fed. R. Evid. 401.  On the other hand, Rule 403 states, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403.  In making a Rule 403 determination, "[d]istrict courts have broad discretion to balance probative value against possible prejudice."  *United States v. Bermudez*, 529 F.3d 158, 161 (2d Cir. 2008) (citation omitted).

At the October 31 Pretrial Conference, the Court indicated that it was inclined to permit the introduction of photographs that depicted the injuries at issue in the case, but believed that 91 photographs was likely duplicative and cumulative and that not all of the photographs depicted injuries at issue in the case.  Because Plaintiff indicated that she had narrowed the number of photographs she intended to introduce and the parties indicated that they would endeavor to reach an agreement with respect to the introduction of autopsy photographs, the Court reserves on this motion.

### 3.  Evidence of Defendants' Wrongs or Acts

Defendants seek to preclude Plaintiff from introducing evidence of Defendants' wrongs or

acts.  Dkt. No. 169 at 12-14.  Plaintiff stated that she does not intend to make any reference to past lawsuits or wrongful acts unless Defendants open the door.  Dkt. No. 185 at 13-14.  A court may, on cross examination, allow "specific instances of a witness's conduct . . . to be inquired into if they are probative of the [witness's] character for truthfulness or untruthfulness."  Fed. R. Evid. 608(b).

Because the Court does not have the full factual context as to which of Defendants' wrongful acts Plaintiff would introduce if Defendants opened the door, the Court cannot evaluate whether such evidence would be clearly inadmissible on all potential grounds.  Accordingly, the Court reserves on this motion.

### 4.     Dismissed Claims and/or Defendants

Defendants seek to preclude Plaintiff from referring to claims and defendants the Court has previously dismissed.  Dkt. No. 169 at 14-16.  Plaintiff does not oppose this request and has indicated that she does not intend to reference dismissed claims or defendants.  Dkt. No. 185 at 14-15.  Therefore, Defendants' motion is denied as moot.

### 5.     Investigations

Defendants seek to introduce testimony and documentary evidence of investigations undertaken by OSI and NYSP into the incident at issue, including interviews of non-parties who may testify at trial and recordings of telephone calls made by non-party witnesses at the time of the incident.  Dkt. No. 169 at 16-17.  Plaintiff opposes the motion and argues, among other things, that Defendants' motion is "unripe" and lacks the requisite factual context.  Dkt. No. 185 at 16. The Court agrees.

At this juncture, the Court does not have sufficient factual context to ascertain what evidence from the various investigations Defendants intend to introduce and for what purpose.

Accordingly, the Court reserves on this motion.

### 6. Audio Recording

Defendants seek to introduce an audio recording of a telephone conversation between Mr. Perez and his mother that took place at the time of the incident.  Dkt. No. 169 at 17-19.  Defendants argue that this audio recording is admissible under Fed. R. Evid. Rules 803(1) (present sense impression), or 803(2) (excited utterance).  *Id.*  Plaintiff does not dispute that the audio recording is admissible under Rules 803(1), (2), when accompanied by proper foundation, but posits that "it is presently unclear whether Defendants can lay" the necessary foundation.  Dkt. No. 185 at 16-17.  The Court agrees with Plaintiff in that it is not clear whether Defendants will be able to lay the necessary foundation.  Accordingly, the Court reserves on this motion.

### 7. Times Union Newspaper Article

Defendants seek to preclude Plaintiff from introducing an article published by the Times Union, which discusses the shortage of forensic pathologists in the Capital Region and specifically mentions Dr. Sikirica.  Dkt. No. 169 at 19-20.  Defendants make several arguments as to why the article should be precluded, including that the article (i) is inadmissible hearsay, (ii) is not relevant, and (iii) is unfairly prejudicial.  *Id.*  Plaintiff argues that she does not intend to introduce the article if Dr. Sikirica is precluded from testifying at the trial.  Dkt. No. 185 at 18-20.  Moreover, Plaintiff argues that if Dr. Sikirica is permitted to testify, the Court should "direct the jury that certain facts [from the article] be taken as established for purposes of this action" as a sanction for Defendants' failure to comply with the requirements of Fed. R. Civ. P. Rule 26.  *Id.* at 19.

"Courts have considered newspaper articles as part of the admissible record when the admissions contained in the newspaper article are made by a party opponent under Fed. R. Evid. 801, provided the article is a recorded recollection under Rule 803(5), or falls within the residual

exception of Rule 807." *Redmond v. Teledyne Landis Machine*, No. 5:15-cv-00646 (MAD/ATB), 2017 WL 2465173, at *10 n.5 (N.D.N.Y. June 7, 2017) (internal quotation marks and citation omitted). "A hearsay statement may be admissible under [Fed. R. Evid.] Rule 807 if: "'(i) it is particularly trustworthy; (ii) it bears on a material fact; (iii) it is the most probative evidence addressing that fact; (iv) its admission is consistent with the rules of evidence and advances the interests of justice; and (v) its proffer follows adequate notice to the adverse party.'" *United States v. Morgan*, 385 F.3d 196, 208 (2d Cir. 2004) (citation omitted).

As the Court has ruled *supra* in Section III.A, Dr. Sikirica is not precluded from testifying at trial. However, the Court declines to impose the sanctions requested by Plaintiff and reserves on this motion.

### 8.  Specific Dollar Amount for Non-Economic Damages

Defendants seek to preclude Plaintiff from suggesting a specific dollar amount for non-economic damages, including pain and suffering and punitive damages, to the jury during the opening statement, witness testimony, and summation. Dkt. No. 169 at 20-21. Plaintiff opposes this motion, requesting that the Court permit her to request that the jury award a specific dollar amount during summation, or in the alternative seeks that the Court instruct the jury "that a demand for the specific dollar figure is not permitted and counsel should be allowed to explain during summation." Dkt. No. 185 at 20-21.

The determination of whether to allow a plaintiff to request a specific damages amount from the jury is within the court's discretion. *See Lightfoot v. Union Carbide Corp.*, 110 F.3d 898, 912 (2d Cir. 1997). Although the Second Circuit has stated in the context of monetary awards for pain and suffering that "specifying target amounts for the jury to award is disfavored," *Consorti v. Armstrong World Indus., Inc.*, 72 F.3d 1003, 1016 (2d Cir. 1995), *vacated on other grounds*,

518 U.S. 1031 (1996), the Second Circuit has also stated that "it is best left to the discretion of the trial judge, who may either prohibit counsel from mentioning specific figures or impose reasonable limitations, including cautionary jury instructions." *Lightfoot*, 110 F.3d at 912 (citation omitted).

 At this juncture, the Court reserves on this motion.

## IV. CONCLUSION

 Accordingly, the Court hereby

 **ORDERS** Plaintiff's motion to exclude trial witnesses, Dkt. No. 182, is **DENIED**; the Court further

 **ORDERS** Plaintiff's motions *in limine*, Dkt. No. 179, are **GRANTED in part, DENIED in part and RESERVED in part**; the Court further

 **ORDERS** Defendants' motions *in limine*, Dkt. No. 169, are **GRANTED in part**, **DENIED in part and RESERVED in part;** the Court further

 **ORDERS** that the Clerk serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

 **IT IS SO ORDERED.**

Dated: November 3, 2023
   Albany, New York

             *Anne M. Nardacci*
             Anne M. Nardacci
             U.S. District Judge