**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

TRACY YVONNE COOPER, as Administrator of
the Estate of TERRY L. COOPER, JR.,

                          Plaintiff,

                                             9:19-cv-362 (AMN/ML)

v.

PATRICK M. CLANCY, STEVEN W. WOOD,
KOLBY M. DUFFINA,

                          Defendants.

**Hon. Anne M. Nardacci, United States District Judge:**

**JURY INSTRUCTIONS**

**COURT EXHIBIT
NO. 1**

## Table of Contents

I.    INTRODUCTION ................................................................................................ 1

    A.  Role of the Court ........................................................................................ 1
    B.  Role of the Jury .......................................................................................... 2
    C.  Role of the Attorneys ................................................................................. 3

II.   NATURE OF EVIDENCE ................................................................................ 4

    A.  Testimony and Exhibits .............................................................................. 4
    B.  Direct and Circumstantial Evidence .......................................................... 5
    C.  Reasonable Inferences ................................................................................ 7

III.  EVALUATION OF EVIDENCE ...................................................................... 7

    A.  Credibility of Witnesses ............................................................................. 7
    B.  Interested Witness ...................................................................................... 9
    C.  Corrections Officers/DOCCS Employees as Witnesses ............................ 9
    D.  Formerly Incarcerated Witnesses ............................................................. 10
    E.  Impeachment by Felony Conviction ......................................................... 11
    F.  Expert Testimony ...................................................................................... 11
    G.  Testimony by a Remote Witness .............................................................. 13
    H.  Discrepancies in Testimony ..................................................................... 13
    I.   Impeachment by Prior Inconsistent Statements ...................................... 14
    J.   Stipulations ............................................................................................... 14
    K.  Depositions ............................................................................................... 15
    L.  All Available Evidence Need Not Be Produced ....................................... 15
    M. State Not a Defendant ............................................................................... 16

IV.   BURDEN OF PROOF ..................................................................................... 16

    A.  Preponderance of Evidence ...................................................................... 16

V.    SUBSTANTIVE LAW .................................................................................... 18

    A.  Introduction .............................................................................................. 18
    B.  Section 1983 Cause of Action .................................................................. 18

        1.   The Statute – 42 U.S.C. § 1983 ....................................................... 18
        2.   Elements of a Section 1983 Cause of Action ................................... 18
        3.   Third Element: Proximate Cause ...................................................... 23

VI.   DAMAGES..................................................................................................... 23

    A.  Multiple Defendants........................................................................... 24
    B.  Compensatory Damages .................................................................... 24
    C.  Nominal Damages.............................................................................. 26
    D.  Punitive Damages ............................................................................. 26

VII.  Unusually Susceptible Victim / Fragile Condition ............................................ 28

VIII. General Rules Governing Deliberations and Verdict ........................................ 29

# I.    INTRODUCTION

Ladies and gentlemen, it is now my duty to instruct you on the law applicable to this case.

It has been obvious to me and counsel that you have faithfully discharged your duty to listen carefully and observe each witness who testified.

I ask you to give me that same careful attention as I instruct you on the law. I will give you a copy of these instructions to use in the jury room. If you have a legal question about these instructions or about something the instructions do not address, you must ask me for a further explanation.

## A.    Role of the Court

You have now heard all of the evidence in the case.

As I stated, my duty at this point is to instruct you as to the law. It is your duty to accept these instructions of law and apply them to the facts as you determine them, just as it has been my duty to preside over the trial and decide what testimony and evidence is relevant under the law for your consideration.

On these legal matters, you must take the law as I give it to you. If any attorney states a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You should not single out any instruction as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room.

You should not, any of you, be concerned about the wisdom of any rule that I state. Regardless of any opinion that you may have as to what the law may be—or ought to be—it would violate your sworn duty to base a verdict upon any other view of the law than that which I give you.

### B.    Role of the Jury

As members of the jury, you are the sole and exclusive judges of the facts. You pass upon the evidence. You determine the credibility of the witnesses. You resolve such conflicts as there may be in the testimony. You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

In determining these issues, no one may invade your province or functions as jurors. In order for you to determine the facts, you must rely upon your own recollection of the evidence. What the attorneys have said in their opening statements, in their objections, in their questions, and what they will say in their closing arguments, is not evidence. Nor is what I may have said—or what I may say in these instructions—about a fact, evidence.

Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be. The rulings I have made during the trial are not any indication of my views of what your decision should be as to whether or not the Plaintiff has proven her case. You are expressly to understand that the Court has no opinion as to the verdict you should render in this case.

You are to perform the duty of finding the facts without bias or prejudice to any party.

### C.    Role of the Attorneys

It is the duty of the attorney on each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible. Counsel also have the right and duty to ask the Court to make rulings of law and to request conferences at the side bar out of the hearing of the jury. All those questions of law must be decided by me, the Court. You should not show any prejudice against an attorney or his client because the attorney objected to the admissibility of evidence or asked for a conference out of the hearing of the jury or asked the Court for a ruling on the law.

My rulings on the admissibility of evidence do not, unless expressly stated by me, indicate any opinion as to the weight or effect of such evidence. You are the

sole judges of the credibility of all witnesses and the weight and effect of all evidence.

## II.    NATURE OF EVIDENCE

### A.    Testimony and Exhibits

The evidence in this case is the sworn testimony of the witnesses, the exhibits received in evidence, and stipulations entered into by the parties.

By contrast, the questions of the lawyers are not to be considered by you as evidence. It is the witnesses' answers that are evidence, not the questions. At times, a lawyer may have incorporated into a question a statement which assumed certain facts to be true and asked the witness if the statement was true. If the witness denied the truth of a statement, and if there is no direct evidence in the record proving that assumed fact to be true, then you may not consider it to be true simply because it was contained in the lawyer's question.

So, for example, if a witness was asked "When did you stop binge drinking?" you would not be permitted to consider as true the assumed fact that the witness had engaged in binge drinking, unless the witness indicated he or she had, or unless there was some other evidence in the record that the witness had engaged in binge drinking.

Testimony that has been stricken or excluded is not evidence and may not be considered by you in rendering your verdict. You may not consider any answer that I directed you to disregard or that I directed struck from the record.

Arguments by lawyers are not evidence because the lawyers are not witnesses. What they have said to you in their opening statements and what they will say to you in their summations is intended to help you understand the evidence to reach your verdict. However, if your recollection of the facts differs from the lawyers' statements, it is your recollection which controls.

To constitute evidence which may be considered by you, exhibits must be received in evidence. Exhibits marked for identification but not admitted are not evidence.

It is for you alone to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.

### B.    Direct and Circumstantial Evidence

There are two types of evidence which you may properly use in reaching your verdict.

One type of evidence is direct evidence. Direct evidence is when a witness testifies about something he or she knows by virtue of his or her own senses—something he or she has seen, felt, touched, or heard. Direct evidence may also be

in the form of an exhibit when the fact to be proved is its present existence or condition.

The other type of evidence is circumstantial evidence. This is evidence which tends to prove a disputed fact by proof of other facts. There is a simple example of circumstantial evidence which is often used in this courthouse.

Assume that when you came into the courthouse this morning the sun was shining and it was a nice day. Assume that the courtroom blinds were drawn and you could not look outside. As you were sitting here, someone walked in with an umbrella which was dripping wet. Then a few minutes later another person also entered with a wet umbrella. Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But on the combination of facts which I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence. You infer on the basis of reason, experience, and common sense from one established fact the existence or non-existence of some other fact.

Circumstantial evidence is of no less value than direct evidence; it is a general rule that the law makes no distinction between direct evidence and circumstantial evidence but simply requires that your verdict must be based on a preponderance of all the evidence presented.

## C.    Reasonable Inferences

In their closing arguments, the attorneys may ask you to infer, on the basis of your reason, experience, and common sense, from one or more established facts, the existence of some other fact.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence. The Plaintiff asks you to draw one set of inferences, while the Defendants ask you to draw another. It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a deduction or conclusion which you, the jury, are permitted to draw—but not required to draw—from the facts which have been established by either direct or circumstantial evidence. You are permitted to draw, from the facts which you find to be proven, such reasonable inferences as would be justified in light of your experience.

## III.    EVALUATION OF EVIDENCE

### A.    Credibility of Witnesses

You have had the opportunity to observe all of the witnesses. It is now your job to decide how believable each witness was in his or her testimony. You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

It must be clear to you by now that you are being called on to resolve various factual issues raised by the parties in the face of very different pictures painted by both sides. In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you decide the truth and the importance of each witness's testimony.

How do you determine where the truth lies? You watched each witness testify. Everything a witness said or did on the witness stand counts in your determination. How did the witness impress you? Did he or she appear to be frank, forthright, and candid, or evasive and edgy as if hiding something? How did the witness appear; what was his or her demeanor—that is, his or her carriage, behavior, bearing, manner, and appearance while testifying? Often it is not what a person says but how he or she says it that moves us.

You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life. You should consider any bias or hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of the case. You should consider the opportunity the witness had to see, hear, and know the things about which he or she testified, the accuracy of the witness's memory, the witness's candor or lack of candor, the witness's intelligence, the reasonableness and probability of the

witness's testimony, its consistency or lack of consistency, and its corroboration or lack of corroboration with other credible testimony.

In other words, what you must try to do in deciding credibility is to size a witness up in light of his or her demeanor, the explanations given, and all of the other evidence in the case. Always remember that you should use your common sense, your good judgment, and your own life experience.

## B.    Interested Witness

An interested witness is a person who has an interest in the outcome of the trial. Here, Plaintiff and Defendants are interested witnesses. An interested witness is not necessarily less believable than a disinterested witness. The fact that he or she is interested in the outcome of the case does not mean that he or she has not told the truth. It is for you to decide from the demeanor of the witness on the stand and such other tests as your experience dictates whether the testimony has been influenced, intentionally or unintentionally, by his or her interest. You are not required to reject the testimony of such a witness, and you may accept all or such part of his or her testimony as you find reliable and reject such part as you find unworthy of acceptance.

## C.    Corrections Officers/DOCCS Employees as Witnesses

You have heard the testimony of current and former employees of the New York State Department of Corrections and Community Supervision ("DOCCS"),

Patrick Clancy, Steven Wood, Kolby Duffina, Justin Delisle, Christopher Nichols, Neil Napper, Travis Stewart, Aaron LaMay, Michael Thompkins, and Jeffrey Taylor. The fact that a witness may be employed by a government entity does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

At the same time, it is legitimate for Plaintiff's counsel to try to attack the credibility of a Corrections Officer or DOCCS witness. It is your decision, after reviewing all the evidence, whether to accept the testimony of a DOCCS witness and to give to that testimony whatever weight, if any, you find it deserves.

### D.    Formerly Incarcerated Witnesses

During this trial, you have heard testimony from Mr. Quiles, who was incarcerated in a New York State prison at the time of the incident in question. The fact that a witness may have been incarcerated does not mean that his testimony is necessarily deserving of more or less consideration, or greater or lesser weight, than that of an ordinary witness.

At the same time, it is legitimate, in certain situations, for counsel to try to attack the credibility of a formerly incarcerated witness. You may consider this evidence only in deciding whether this witness's testimony is truthful in whole, in part, or not at all. You may not consider this evidence for any other purpose.

Additionally, Mr. Quiles spoke Spanish and used an interpreter throughout his testimony. You must evaluate interpreted witness testimony as you would any other testimony. That is, you must not give interpreted testimony any greater or lesser weight than you would if Mr. Quiles had spoken English.

### E.    Impeachment by Felony Conviction

You have heard that Mr. Quiles has a felony conviction. The conviction was put into evidence only for you to consider in evaluating Mr. Quiles' credibility. You may consider the fact that Mr. Quiles is a convicted felon in deciding how much of his testimony to accept and what weight it should be given.

### F.    Expert Testimony

You heard the testimony of expert witnesses. You should not assume, simply because I allowed an expert to give his opinion, that the opinion is correct or that I believe the opinion is correct. When a case involves a matter requiring special knowledge or skill not ordinarily possessed by the average person, an expert is permitted to state his opinion for the information of the court and jury. The opinions stated by the experts who testified before you were based on particular facts as the expert observed them and testified to them before you, or as they were told by somebody else or as appeared from some paper or record. You may reject an expert's opinion if you find the underlying facts to be different from those that form the basis of their opinion. You may also reject the opinion if, after careful

consideration of all the evidence in the case, including expert and other testimony, you disagree with that opinion. In other words, you are not required to accept an expert's opinion to the exclusion of the facts and circumstances disclosed by other evidence. Such an opinion is subject to the same rules concerning reliability as the testimony of any other witness, and it is allowed only to aid you in reaching a proper consideration.

The testimony of the experts who testified in this trial are entitled to such weight as you may find their qualifications in the field and the extent of their investigation and the validity of his assumptions warrant. If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or you feel it outweighed by other evidence, you may disregard the opinion of that expert witness entirely.

You heard testimony that Dr. Hua presently works for the New York State Commission on Corrections, a position that he has held since June 2023. I remind you that Dr. Hua was testifying in his capacity as an expert retained by the Plaintiff, and was not speaking as a representative of the Commission on Corrections. You are not to draw the inference that his opinion is the opinion of the Commission on Corrections.

### G.        Testimony by a Remote Witness

During the course of this trial, an expert witness appeared by video. You must treat the testimony of a witness who appears by remote means in the same manner as you would if the witness had testified in this courtroom. You should not draw inference for or against any party based on that fact that a witness testified by remote means.

### H.    Discrepancies in Testimony

Counsel may argue that discrepancies in a witness's testimony or discrepancies between witnesses' testimony are a reason for you to reject a witness's testimony.

You are instructed that evidence of discrepancies may be a basis to disbelieve a witness's testimony. On the other hand, discrepancies in a witness's testimony or between his or her testimony and that of others do not necessarily mean that the witness's entire testimony should be discredited.

People sometimes forget things and even a truthful witness may be nervous and contradict himself or herself. It is also a fact that two people witnessing an event will see or hear it differently. Whether a discrepancy pertains to a fact of importance or only to a trivial detail should be considered in weighing its significance; but a willful falsehood is always a matter of importance and should be considered seriously. It is for you to decide, based on your total impression of the witness, how

to weigh the discrepancies in his or her testimony. You should, as always, use common sense and your own good judgment.

## I.    Impeachment by Prior Inconsistent Statements

If you find that a witness made an earlier statement that conflicts with his or her trial testimony, you may consider that fact in deciding how much of his or her trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense. It is exclusively your duty, based on all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so how much, if any, weight to give to the inconsistent statement in determining whether to believe all or part of the witness's testimony.

## J.    Stipulations

A stipulation is an agreement between the parties that a certain fact is true. You must regard such agreed-upon facts as true. The parties have stipulated to the following facts:

- Terry L. Cooper, Jr. died on May 19, 2016.

- Mr. Cooper was incarcerated at Clinton Correctional Facility ("Clinton C.F.") at the time of his death.

- Mr. Cooper was 25 years old when he died.

- Plaintiff Tracy Yvonne Cooper is Mr. Cooper's mother and the Administrator of his Estate.

- On May 19, 2016, Defendants Patrick M. Clancy, Steven W. Wood, and Kolby M. Duffina were corrections officers assigned to Clinton C.F.

- On May 19, 2016, Defendants Clancy, Duffina, and Wood used force on Mr. Cooper.

### K.    Depositions

In the course of trial, the attorneys have referred to depositions. A deposition is simply a procedure where prior to trial the attorneys for one side may question a witness or an adversary party under oath before a court stenographer. This is part of the pretrial discovery process.

### L.    All Available Evidence Need Not Be Produced

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require

any party to produce as exhibits all papers and things mentioned in the evidence in this case.

### M.     State Not a Defendant

During your deliberations you must bear in mind that the State of New York and the New York State Department of Corrections and Community Supervision ("DOCCS") are not defendants in this case. This is a suit against three individuals: Patrick Clancy, Steven Wood, and Kolby Duffina. These individuals are not liable for their employer's conduct and you are only to consider the potential liability of these Defendants solely on the basis of the evidence that has been presented in this case.

## IV.     BURDEN OF PROOF

### A.     Preponderance of Evidence

As the Plaintiff in this action, Tracy Yvonne Cooper, as Administrator of the Estate of Terry L. Cooper Jr. (who I will refer to as Mr. Cooper), must establish by a preponderance of the credible evidence that her Section 1983 claims, and the elements that comprise her claims, are true. If you conclude that she has failed to establish her claims by a preponderance of the evidence, you must decide against her.

What does a "preponderance of the evidence" mean? To establish a fact by the preponderance of the evidence means to prove that the fact is more likely true

than not true.  A preponderance of the evidence means the greater weight of the evidence.  It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents.  In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all of the relevant exhibits received in evidence, regardless of who may have produced them.

If you find that the credible evidence on a given issue is evenly divided between the parties—that it is equally as probable that one side is right as it is that the other side is right—then you must decide that issue against the party having the burden of proof.  That is because the party bearing this burden must prove more than simply equality of evidence—it must prove the element at issue by a preponderance of the evidence.  On the other hand, the party with this burden of proof need prove no more than a preponderance.   So long as you find that the scales tip, however slightly, in favor of the party with this burden of proof—that what the party claims is more likely true than not true—then that element will have been proved by a preponderance of the evidence.

You have heard of proof beyond a reasonable doubt, which is the proper standard of proof in a criminal trial.  That requirement does not apply in a civil case such as this and you should put it out of your mind.

## V.    SUBSTANTIVE LAW

### A.    Introduction

In this case, the Plaintiff, Tracy Yvonne Cooper, as Administrator of the Estate of Mr. Cooper, brings two causes of action against the Defendants. A cause of action is a legal theory by which a plaintiff asserts that, if the facts are as she claims them to be, a defendant is liable to her under the law.

### B.    Section 1983 Cause of Action

#### 1.  The Statute – 42 U.S.C. § 1983

The Plaintiff brings her causes of action under federal civil rights law, Section 1983 of Title 42 of the United States Code, which provides a remedy for individuals who have been deprived of their constitutional rights under color of state law. Section 1983, as it applies to this case, states:

> Every person who, under color of any statute, ordinance, regulation, custom or usage of any state . . . subjects or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law.

I will refer to this statute simply as "Section 1983."

#### 2.  Elements of a Section 1983 Cause of Action

To establish a cause of action under Section 1983, the Plaintiff must establish, by a preponderance of the evidence, each of the following three (3) elements:

18

First, that the conduct complained of was committed by the defendant while acting under color of state law;

Second, that the defendant's conduct deprived Mr. Cooper of rights, privileges or immunities secured by the Constitution or laws of the United States; and

Third, that the defendant's acts were the proximate cause of the injuries and consequent damages sustained by Mr. Cooper.

I will now examine each of these three elements.

### a.    First Element: Acting Under Color of State Law

The first element of any claim under Section 1983 is that the acts of the defendant be done under "color of state law."  In other words, the acts complained of must have occurred while the defendant was acting or purporting to act in the performance of his or her official duties.  The parties in this case do not dispute that the Defendants were acting in all relevant instances "under color of state law," thus this element is met.

### b.    Second Element: Deprivation of Constitutional Right

The second element of the Plaintiff's claim is that the Defendants deprived Mr. Cooper of a federal right.  Here, Plaintiff alleges that Defendants Clancy, Wood, and Duffina deprived Mr. Cooper of his Eighth Amendment right against cruel and

19

***First Element: Malicious and Sadistic Conduct***

In the context of an excessive force claim, the key inquiry is whether the defendant applied force in a good faith effort to maintain or restore discipline or whether the defendant acted maliciously and sadistically for the very purpose of causing harm.

An act is maliciously done if it is done to cause pain or injury to another without justification. An act is done sadistically if it is done to obtain gratification by the infliction of physical or mental pain to another.

Your evaluation of this element involves an evaluation of the force used; that is, was the force reasonable in light of the circumstances of the case. In deciding this, you should examine facts such as the extent of Mr. Cooper's injuries, the need for the application of force, the relationship between that need and the amount of the force used, the threat reasonably perceived by Defendants at the time of the incident and any efforts by Defendants to temper the severity of a forceful response, *i.e.*, to use only that force necessary to meet the threat posed. Again, in the context of a prison, it is necessary to realize that not every push or shove violates a prisoner's constitutional rights. It is important to remember that a corrections officer is permitted by law to use such physical force, as may have been reasonably necessary, to enforce compliance with proper instructions, and to protect other prisoners, themselves, and other corrections staff from physical harm.

unusual punishment on May 19, 2016 by (i) using excessive force against him and (ii) by failing to intervene to prevent the use of excessive force against him.

### i.    Eighth Amendment – Excessive Force

The Eighth Amendment prohibits cruel and unusual punishment and protects incarcerated individuals from malicious and sadistic uses of physical force by prison officials.    Here, Plaintiff alleges that Defendants Clancy, Wood and Duffina deprived Mr. Cooper of his Eighth Amendment right on May 19, 2016, by subjecting him to excessive physical force and causing him physical injury.    Plaintiff bears the burden of proving her excessive force claim by the preponderance of the evidence.

Where officers act in concert with each other, such as by lending aid or encouragement, the officers are each fully responsible for Mr. Cooper's injuries even though the particular officer in question may not have wielded the instrumentality of harm.    In other words, an officer may be liable for using excessive force even if he or she did not strike the blow that caused Mr. Copper's most significant injury. It is enough that the officer was at the scene and participated in the use of force.

To prove her claim of excessive force, Plaintiff must prove each of the following elements by a preponderance of the evidence: (1) that the Defendant you are considering acted maliciously and sadistically; and (2) that Mr. Cooper suffered an injury as a result of that particular Defendant's conduct.

If an evaluation of these factors leads you to believe that the Defendant you are considering acted maliciously and sadistically for the very purpose of causing harm, then Plaintiff has established this element as to that Defendant. If, however, you find that the Defendant you are considering acted in a good faith effort to maintain and restore discipline, then Plaintiff has failed to meet this element as to that Defendant.

### *Second Element: Injury Caused by Defendants' Conduct*

If you find that the Defendant you are considering used force in a malicious and sadistic manner then you must consider whether such conduct was the proximate cause of an injury to Mr. Cooper. In an excessive force claim, this element may be established even if the victim does not suffer serious or significant injury, so long as he has suffered some injury.

### ii.    Eighth Amendment – Failure to Intervene

Corrections officers have an affirmative duty to intervene to protect the constitutional rights of incarcerated individuals from infringement by other corrections officers in their presence. An officer who fails to intercede in the use of excessive force is liable for the preventable harm caused by the actions of other officers. For her second cause of action, the Plaintiff claims that Defendants Clancy, Wood and Duffina failed to intervene in the use of excessive force against Mr. Cooper.

In order to establish that an officer failed to intervene, the Plaintiff must prove that: (1) the Defendant had a realistic opportunity to intervene and prevent the harm; (2) a reasonable person in the Defendant's position would have known that Mr. Cooper's constitutional rights were being violated; and (3) the Defendant did not take reasonable steps to intervene. An officer is excused from liability, despite his presence, if the assault is sudden and brief such that there is no real opportunity to prevent it.

### 3. Third Element: Proximate Cause

The third element which the Plaintiff must prove to establish each of her Section 1983 causes of action is that a Defendant's actions were a proximate cause of injuries sustained by Mr. Cooper. An action is a proximate cause of an injury if it was a substantial factor in bringing about that injury, and if the injury was a reasonably foreseeable consequence of a Defendant's actions.

## VI.    DAMAGES

I will now instruct you on the law of damages. I caution you, however, that my doing so does not mean that I have any opinion on whether or not the Plaintiff has satisfied her burden of proof and that the Defendants are liable. Only if you find that the Plaintiff proved her claim against one or more of the Defendants should you consider damages.

Broadly speaking, there are three kinds of damages you may consider: compensatory damages, nominal damages, and punitive damages.

### A.    Multiple Defendants

I have two cautionary instructions before I define the types of damages you may award if you find that the Plaintiff has proved liability according to the standards I have enumerated.

First, although there are three individual defendants in this case, it does not follow that if one is liable, the others are liable as well. Each Defendant is entitled to fair, separate, and individual consideration of the case without regard to your decision as to any of the other Defendants.

Second, you should only consider the actions of the named Defendants in this case.

### B.    Compensatory Damages

If the Plaintiff has proved her claim, then you must award her a sum of money that you believe will fairly and justly compensate for any injury you believe was actually sustained as a proximate result of a Defendant's actions or multiple Defendants' actions.

You shall award damages only for those injuries that you find that the Plaintiff has proven by a preponderance of the evidence. Moreover, you may not simply award damages for any injury suffered—you must award damages only for those

injuries that are a proximate result of conduct by one or more Defendants that violated federal law. Compensatory damages must not be based on speculation or sympathy. They must be based on the evidence presented at trial.

There are two types of compensatory damages you must consider. Plaintiff, Tracy Yvonne Cooper, is the Administrator of the Estate of Mr. Cooper. In that capacity, Plaintiff seeks damages, first, for the injuries suffered by Mr. Cooper, and second, for the economic losses suffered by Mr. Cooper's daughter, Terziah Cooper, resulting from Mr. Cooper's death.

Plaintiff may recover damages on behalf of Mr. Cooper in such sum as you find will fairly and justly compensate him for his conscious pain and suffering. This includes the physical and emotional pain and suffering experienced by Mr. Cooper. Plaintiff can only recover for Mr. Cooper's pain and suffering, if any, that she proves, by a preponderance of the evidence, was caused by the unlawful conduct of a Defendant.

Plaintiff may also recover damages, on behalf of Mr. Cooper, in such sum as you find will fairly and justly compensate him for his loss of enjoyment of the life he would have lived. These damages are independent of, and may be in addition to, whatever damages may exist to compensate for the pain and suffering Mr. Cooper experienced before he died.

Of course, it is difficult to put a value on the life of a human being. You are to determine, as best you can, in light of all the circumstances and the evidence presented, the value of Mr. Cooper's life had he lived.

Plaintiff may also recover on behalf Mr. Cooper's child, Terziah Cooper, the monetary losses that she suffered as a result of Mr. Cooper's death. In deciding the amount of monetary losses, you should consider the character, habits and ability of Mr. Cooper; the services that Mr. Cooper would have performed for his child had he lived; and the value of the intellectual, moral, and physical training, guidance, and assistance that Mr. Cooper would have given his child had he lived.

You may not award any damages to Terziah Cooper, Mr. Cooper's child, for her noneconomic losses, such as their sorrow, mental anguish, or injury to feelings.

### C.    Nominal Damages

If you return a verdict for the Plaintiff but find that she has failed to prove by a preponderance of the evidence that neither Mr. Cooper nor Terziah Cooper suffered any actual damages, then you must return an award of nominal damages in the sum of one dollar, evidencing that liability has been proved.

### D.    Punitive Damages

Whether or not you award the Plaintiff actual damages, you may also, in your discretion, make an award of punitive damages. Punitive damages are awarded, in the discretion of the jury, to punish a defendant for extreme or outrageous conduct,

and to deter or prevent a defendant and others in similar circumstances from committing such conduct in the future.

You may award the Plaintiff punitive damages if you find that the acts or omissions of a Defendant were done maliciously or wantonly. An act is maliciously done if it is prompted by ill will or spite towards the injured person. An act is wanton if done with a reckless or callous disregard for the rights of the injured person. The Plaintiff has the burden of proving, by a preponderance of the evidence, that a Defendant acted maliciously or wantonly with regard to the Plaintiff's rights.

If you find by a preponderance of the evidence that a Defendant acted with malicious intent to violate Mr. Cooper's federal rights or unlawfully injure him, or if you find that a Defendant acted with a callous or reckless disregard of Mr. Cooper's rights, then you may award punitive damages. An award of punitive damages, however, is discretionary; that is, if you find that the legal requirements for punitive damages are satisfied, then you may decide to award punitive damages, or you may decide not to award them.

In making this decision, you should consider the underlying purpose of punitive damages. Punitive damages are awarded in the jury's discretion to punish a defendant for outrageous conduct or to deter them and others in similar circumstances from performing similar conduct in the future. Thus, in deciding whether to award punitive damages, you should consider whether a Defendant may

be adequately punished by an award of actual damages only, or whether the conduct is so extreme and outrageous that actual damages are inadequate to punish the wrongful conduct.  You should also consider whether actual damages, standing alone, are likely to deter or prevent a Defendant from similar wrongful conduct in the future, if it was in fact wrongful, or whether punitive damages are necessary to provide deterrence.  Finally, you should consider whether punitive damages are likely to deter or prevent other persons from performing wrongful acts similar to those a Defendant may have committed. If you find that punitive damages should be awarded against one or more of the Defendants, there will be a separate hearing to consider punitive damages.

## VII.  Unusually Susceptible Victim / Fragile Condition

You must decide the amount of damages that will reasonably and fairly compensate Plaintiff for the injury caused by the wrongful conduct of Defendants, even if you find that Mr. Cooper was more susceptible to injury than a normally healthy person would have been because of a pre-existing condition, and even if a normally healthy person would not have suffered the same injury as Mr. Cooper in the same circumstances. This is because, under the law, a wrongdoer takes his victim "as he finds him."  Thus, if you find that Mr. Cooper had a preexisting condition rendering him more sensitive to injury than a normally healthy person and that

Defendants' conduct aggravated this condition, you must still find the Defendants liable for all resulting damage, irrespective of that condition.

## VIII. General Rules Governing Deliberations and Verdict

I have outlined the rules of law applicable to this case and the processes by which you should weigh the evidence and determine the facts. In a few minutes, you will retire to the jury room for your deliberations. Your first order of business in the jury room will be to elect a Foreperson. Keep in mind, however, that the Foreperson's vote is entitled to no more weight than any other juror. Your job as jurors is to reach a fair conclusion from the law and evidence.

Your verdict must represent the considered judgment of each juror. Each of you must decide the case for yourself, but it is your duty as jurors to consult with one another and deliberate with a view to reaching an agreement if you can do so without violating your individual judgment and conscience.

There is nothing particularly different in the way a jury should consider the evidence in a civil case from that in which all reasonable persons treat any question that depends on evaluation of evidence presented to them. You are expected to use your good sense, to consider the evidence in the case only for the purposes for which it has been admitted, and to give this evidence a reasonable and fair construction in the light of your common knowledge of the natural tendencies and inclinations of human beings.

During your deliberations, do not hesitate to re-examine your views and change your mind. Do not, however, surrender your honest convictions because of the opinion of a fellow juror or for the purpose of returning a verdict. Remember you are not partisans. Your duty is to seek the truth from the evidence presented to you.

If, in the course of your deliberations, your recollection of any part of the testimony should fail, or if you should find yourself in doubt concerning my instructions, you may return to the courtroom to have the testimony read back to you or my instructions further explained. I caution you, however, that the read-back of testimony may take some time and effort. You should, therefore, make a conscientious effort to resolve any questions as to testimony through your collective recollections.

Remember also that juror notes are to be used only by the juror who took them, and the fact that a juror elected to do so entitles his or her vote to no greater weight.

Should you desire to communicate with the Court during your deliberations, please put your message or question in writing. The Foreperson should sign the note and pass it on to the Court Security Officer who will bring it to my attention. I will then respond either in writing or orally by having you returned to the courtroom. In

any communications with the Court, you must never state your numerical division over an issue, if any.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device, such as a cell phone, smart phone, or tablet, or any website or application such as Google, Facebook, Instagram, YouTube, Twitter, or Snapchat to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.

Verdict forms have been prepared for you. After you select a Foreperson, you should review them. Once you have reached a unanimous verdict, your Foreperson should fill in the verdict form, date and sign it, and inform the Court Security Officer that a verdict has been reached.

**END OF CHARGE**