UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X

TRACY YVONNE COOPER,
as Administrator of the Estate of
TERRY L. COOPER, JR.,

                        Plaintiff,

  -against-

Correction Officer PATRICK M. CLANCY,
Correction Officer STEVEN W. WOOD,
Correction Officer KOLBY M. DUFFINA,

                        Defendants.

------------------------------------------------------------- X

Case No. 9:19-cv-362 (AMN/ML)

**CONSENT JUDGMENT**

      This action was tried by a jury commencing on November 6, 2023, with Hon. Anne M. Nardacci, United States District Judge, presiding. The jury rendered a verdict of $9,250,000.00 in compensatory damages on November 15, 2023, finding Defendant Clancy and Defendant Wood liable, and Defendant Duffina not liable, for Eighth Amendment excessive force under 42 U.S.C. § 1983; and Defendants Clancy, Wood, and Duffina liable for Eighth Amendment failure to intervene under 42 U.S.C. § 1983 (Dkt. 226). The jury also found Defendant Clancy and Defendant Wood, but not Defendant Duffina, liable for punitive damages (Dkt. 226). The aforementioned monetary award did not include punitive damages.

      Following the jury's verdict, the parties agreed to resolve this matter through entry of a consent judgment in the sum of eight million nine hundred thousand dollars ($8,900,000.00), to be paid by the State of New York on behalf of Defendants. Said sum represents the cost to the State of New York of up-front cash and future periodic payments as set forth below as and for wrongful death damages and attorney fees, with punitive damages and a hearing on the same waived by Plaintiff.

On February 13, 2024, the Court approved the proposed agreement (Dkt. 255). The parties jointly submitted this proposed Consent Judgment, which the Court has reviewed and approved.

Accordingly, **IT IS NOW ADJUDGED** as follows:

1. Judgment is entered in favor of Plaintiff, jointly and severally against Defendants, for up-front costs and future periodic payments in the sum of eight million nine hundred thousand dollars ($8,900,000.00), to be paid by the State of New York as described below.

2. Within 120 days of the date of entry of this Consent Judgment, the State of New York shall pay:

   (A) $1,200,000.00, subject to further order of the Onondaga County Surrogate's Court, as and for partial payment of the distributive share of the wrongful death proceeds to the sole distributee of decedent, Terziah Tra'Nai Cooper;

   (B) $379,345.78 payable to Hamilton Clarke, LLP, as and for partial payment of attorneys' fees;

   (C) $552,222.45 payable to Beldock Levine & Hoffman LLP, as and for partial payment of attorneys' fees and disbursements;

   (D) $2,698,478.50 to MetLife Tower Resources Group, Inc. to fund the purchase of an annuity to provide the future periodic payments to Terziah Tra'Nai Cooper set forth in Section 3(A) below as and for partial payment of Terziah Tra'Nai Cooper's distributive share of the wrongful death proceeds;

   (E) $1,969,953.27 to Prudential Assigned Settlement Services Corporation to fund the purchase of an annuity to provide the future periodic payments to Terziah Tra'Nai Cooper set forth in Section 3(B) below as and for the remainder of Terziah Tra'Nai Cooper's distributive share of the wrongful death proceeds;

   (F) $1,100,000.00 to MetLife Assignment Company, Inc. to fund the purchase of an annuity to provide the future periodic payments to Joshua Moskovitz set forth in Section 3(C) below as and for partial payment of attorneys' fees;

   (G) $625,000.00 to Prudential Assigned Settlement Services Corporation to fund the purchase of an annuity to provide the future periodic payments to Jonathan Moore set forth in Section 3(D) below as and for partial payment of attorneys' fees;

(H) $375,000.00 to payable to MetLife Assignment Company, Inc. to fund the purchase of an annuity to provide the future periodic payments to David Rankin set forth in Section 3(E) below as and for partial payment of attorneys' fees;

(I) The State of New York shall fund the periodic payments in the amounts set forth in Sections 2(D), 2(E), 2(F), 2(G), and 2(H) above by issuing checks, drafts, or wire transfers made payable as set forth therein, and if payments are made by checks or drafts, said checks or drafts shall be delivered to Creative Capital Inc., the annuity consultant/broker placing the annuities in this case.

3. The State of New York shall be required to make the following periodic payments under the terms hereafter set forth,

(A) Future Periodic Payments to be paid to Terziah Tra'Nai Cooper ("Payee"):

Beginning on 08/01/2031, $60,000.00 payable annually, guaranteed for 6 years, with the last guaranteed payment on 08/01/2036.

Beginning on 12/01/2031, $60,000.00 payable annually, guaranteed for 6 years, with the last guaranteed payment on 12/01/2036.

A guaranteed lump sum payment of $100,000.00 on 12/07/2030.

A guaranteed lump sum payment of $500,000.00 on 12/07/2034.

A guaranteed lump sum payment of $750,000.00 on 12/07/2037.

A guaranteed lump sum payment of $1,500,000.00 on 12/07/2040.

A guaranteed lump sum payment of $2,000,000.00 on 12/07/2042.

(Annuity Issuer: Metropolitan Life Insurance Company; Cost of annuity: $2,698,478.50)

The above aforementioned payments stated as guaranteed shall be paid whether or not Terziah Tra'Nai Cooper is alive. In the event that Terziah Tra'Nai Cooper dies at any time prior to the receipt of all payments described as guaranteed, any remaining guaranteed payments shall be paid when due to her Estate or to any such person she may so designate on attaining age of majority.

(B) Future Periodic Payments to be paid to Terziah Tra'Nai Cooper ("Payee"):

Beginning on 08/01/2031, $5,400.15 payable monthly for life, increasing at a rate of 3.00% compounded annually, guaranteed for 40 years, with the last guaranteed payment on 07/01/2071.

(Annuity Issuer: The Prudential Insurance Company of America; Cost of annuity: $1,969,953.27)

The above aforementioned payments stated as guaranteed shall be paid whether or not Terziah Tra'Nai Cooper is alive. In the event that Terziah Tra'Nai Cooper dies at any time prior to the receipt of all payments described as guaranteed, any remaining guaranteed payments shall be paid when due to her Estate or to any such person she may so designate on attaining age of majority.

(C) Future Periodic Attorney Fee Payments to be paid to Joshua Moskovitz ("Payee"):

Period Certain Annuity - $250,000.00 payable annually, guaranteed for 6 years, beginning on 01/15/2030, with the last guaranteed payment on 01/15/2035.

A guaranteed lump sum payment of $121,828.25 on 01/15/2036.

(Annuity Issuer: Metropolitan Tower Life Insurance Company; Cost of annuity: $1,100,000.00)

Each attorney and the law firm hereby waives and disclaims any and all ownership interest or liens that they may have in the proceeds by reason of any applicable state statute, common law decision, or ruling. The Plaintiff and each attorney and the law firm, acknowledge that the attorney fee benefit payments are being made to Joshua Moskovitz at the direction of the Plaintiff and for the convenience of the Plaintiff.

(D) Future Periodic Attorney Fee Payments to be paid to Jonathan Moore ("Payee"):

Beginning on 01/15/2026, $12,370.00 payable monthly, guaranteed for 5 years, with the last guaranteed payment on 12/15/2030.

(Annuity Issuer: The Prudential Insurance Company of America; Cost of annuity: $625,000.00)

The Plaintiff authorizes payment to be made to Plaintiff's attorney, Jonathan Moore, as provided herein. Such amount shall be paid from the proceeds that otherwise would be payable to the Plaintiff pursuant to this judgment. The Plaintiff acknowledges and agrees that these payment instructions are solely for the Plaintiff's convenience and do not provide the Plaintiff's attorney, Jonathan Moore, with any ownership interest in any portion of the annuity or the proceeds other than the right to receive the fee payments from the Plaintiff in the future as more specifically set forth herein.

4

(E) Future Periodic Attorney Fee Payments to be paid to David Rankin ("Payee"):

Beginning on 01/15/2033, $71,094.38 payable annually, guaranteed for 4 years, increasing at a rate of 4.00% compounded annually, with the last guaranteed payment on 01/15/2036.

Beginning on 01/15/2039, $89,957.07 payable annually, guaranteed for 4 years, increasing at a rate of 4.00% compounded annually, with the last guaranteed payment on 01/15/2042.

(Annuity Issuer: Metropolitan Tower Life Insurance Company; Cost of annuity: $375,000.00)

Each attorney and the law firm hereby waives and disclaims any and all ownership interest or liens that they may have in the proceeds by reason of any applicable state statute, common law decision, or ruling. The Plaintiff and each attorney and the law firm, acknowledge that the attorney fee benefit payments are being made to David Rankin at the direction of the Plaintiff and for the convenience of the Plaintiff.

4. The projected purchase date of the annuities is September 2, 2024. If the State of New York is unable to fund the annuities by this funding date by reason of this Judgment being signed on a date that makes it impossible to timely pay for the annuities, any resultant change in the Payees' benefit payment dates or amounts caused by such delay in funding shall be recorded in the qualified assignment documents and annuity contracts without the necessity of obtaining further court approval.

5. If the payments described in Section 2 are not made within 120 days after entry of this Judgment, interest shall begin to accrue on the outstanding principal balance at the statutory rate provided by 28 U.S.C.A § 1961 on the 121st day after entry of this Judgment or the 151st day after entry of this Judgment if the provisions of Chapter 62 of the Laws of 2001 apply to Plaintiff.

6. The obligation of the State of New York in Section 3(A) shall be satisfied by assigning to and arranging for an assumption by MetLife Tower Resources Group, Inc. of the State of New York's obligation to make the future periodic payments set forth in Section 3(A) above,

pursuant to Internal Revenue Code §130(c); MetLife Tower Resources Group, Inc. may fund the obligation assumed by the purchase of an annuity from Metropolitan Life Insurance Company, an A.M. Best Company rated A+ insurer licensed to do business in the State of New York, which shall be owned by MetLife Tower Resources Group, Inc. pursuant to Internal Revenue Code §130(d); Terziah Tra'Nai Cooper shall have a security interest in the annuity, and Metropolitan Life Insurance Company shall guarantee the performance of MetLife Tower Resources Group, Inc.

7. The obligation of the State of New York in Sections 3(B) and 3(D) shall be satisfied by assigning to and arranging for an assumption by Prudential Assigned Settlement Services Corporation of the State of New York's obligation to make the future periodic payments set forth in Sections 3(B) and 3(D) above, pursuant to Internal Revenue Code §130(c); Prudential Assigned Settlement Services Corporation may fund the obligation assumed by the purchase of an annuity from The Prudential Insurance Company of America, an A.M. Best Company rated A+ insurer licensed to do business in the State of New York, which shall be owned by Prudential Assigned Settlement Services Corporation pursuant to Internal Revenue Code §130(d); Terziah Tra'Nai Cooper shall have a security interest in the annuity providing the future periodic payments in Section 3(B), and The Prudential Insurance Company of America shall guarantee the performance of Prudential Assigned Settlement Services Corporation.

8. The obligation of the State of New York in Sections 3(C) and 3(E) shall be satisfied by assigning to and arranging for an assumption by MetLife Assignment Company, Inc. of the State of New York's obligation to make the future periodic payments set forth in Sections 3(C) and 3(E) above, pursuant to Internal Revenue Code §130(c); MetLife Assignment Company, Inc. may fund the obligation assumed by the purchase of an annuity from Metropolitan Tower Life

Insurance Company, an A.M. Best Company rated A+ insurer licensed to do business in the State of New York, which shall be owned by MetLife Assignment Company, Inc. pursuant to Internal Revenue Code §130(d), and Metropolitan Tower Life Insurance Company shall guarantee the performance of MetLife Assignment Company, Inc.

9. No part of the sums being paid by the State of New York to provide future periodic payments as set forth in Section 3 above may be paid directly to Plaintiff or the sole distributee of the Estate , this Court having determined that said future periodic payments are in the best interest of the infant as sole distributee of the Estate and that said periodic payments constitute damages on account of wrongful death within the meaning of §104(a)(2) and §130(c) of the Internal Revenue Code of 1986, as amended.

10. The Plaintiff, Tracy Yvonne Cooper, as Administrator of the Estate of Terry L. Cooper, Jr., and The State of New York are directed, authorized, and empowered to execute such documents as may be reasonably required to effectuate the placement and purchase of the annuities set forth herein and shall  execute and deliver all necessary and appropriate vouchers and other documentation required to effectuate the upfront payments described above.

11. Any liens and statutory claims to reimbursement, current or future against the proceeds of this judgment are to be satisfied by the Plaintiff, including, but not limited to, any Medicaid Liens, Medicare conditional payments, Workers' Compensation liens, Social Security liens, hospital, physician or attorney liens, or any statutory, common law or judgment liens, and the Plaintiff, therefore, shall jointly and severally indemnify and hold the Defendants and the State of New York harmless against any present or future claims made against the Defendants or the State of New York by such lienholders or statutory claimholders as a result of payment of this judgment by the State of New York.

12. Prior to tendering the requisite documents for payment, if Terry L. Cooper, Jr., was a Medicare recipient, Plaintiff shall have notified Medicare and obtained and submitted to the State of New York a final demand letter for conditional payments.

13. Plaintiff shall hold harmless Defendants and the State of New York, regarding any liens, claims, or past and/or future Medicare payments, presently known or unknown in connection with this matter. If conditional Medicare payments have been made but have not been satisfied, the State of New York shall have the right to issue a multi-party judgment check, naming Medicare as a payee, or to issue a check to Medicare directly based on Medicare's final letter.

13. Within twenty days of the receipt of all payments in Section 2 as well as the assignments to MetLife Tower Resources Group, Inc., Prudential Assigned Settlement Services Corporation, and MetLife Assignment Company, Inc., as set forth above, Plaintiff shall execute a satisfaction of judgment in favor of Defendants and cause the said satisfaction of judgment to be filed with the Clerk of the U.S. District Court for the Northern District of New York.

14. Upon satisfaction of this judgment, any and all claims, demands, or causes of action, known or unknown, now existing or hereafter arising, whether presently asserted or not, which relate in any way to the subject matter of this action or the Court of Claims action (the matter of Tracy Yvonne Cooper, as Administrator of the Estate of Terry L. Cooper, Jr. v. State of New York, currently pending in the Court of Claims under Claim No. 131452), against the Defendants and the State of New York, including its agencies, subdivisions, employees, private contractors or assignees shall be dismissed and discontinued with prejudice. Plaintiff and Defendants and/or Plaintiff and The State of New York acting for itself or Defendants, shall not commence or pursue in any court, arbitration or administrative proceeding, any litigation, appeal or claims against the

other pertaining to the underlying facts, circumstances or incidents that gave rise to the aforementioned actions.

15. Upon the satisfaction of this judgment, as set forth in Section 10 above, Plaintiff shall file a motion for approval to discontinue with prejudice the matter of Tracy Yvonne Cooper, as Administrator of the Estate of Terry L. Cooper, Jr. v. State of New York, currently pending in the Court of Claims under Claim No. 131452 and execute any and all paperwork required to discontinue that matter upon approval of the Court.

16. The Court retains jurisdiction of this case to enforce the terms of this Judgment.

Dated: March 22, 2024

_____
Joshua S. Moskovitz
Attorneys for Plaintiff
HAMILTON CLARKE, LLP
48 Wall Street, Suite 1100
New York, New York 10005

_____
David B. Rankin
Attorneys for Plaintiff
BELDOCK LEVINE & HOFFMAN LLP
99 Park Avenue, PH/26th Floor
New York, New York 10016

Dated: March 22, 2024

LETITIA JAMES
Attorney General
State of New York
Attorney for Defendants
The Capitol
Albany, New York 12224-0341

s/Jorge A. Rodriguez
_____
Jorge A. Rodriguez
Assistant Attorney General, of Counsel
Bar Roll No. 516423
Telephone: (518) 776-2179
Email: Jorge.Rodriguez@ag.ny.gov

SO ORDERED AND ADJUDGED

*Anne M. Nardacci*
_____
HON. ANNE M. NARDACCI, U.S.D.J.